```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------X
UNITED STATES OF AMERICA,
                                              MEMORANDUM AND ORDER
                    Plaintiff,
                                              21-CR-576(KAM)
     -against-

MARGARET DOMINIQUE-MCCLAIN,

                    Defendant.
---------------------------------------X
```
**KIYO A. MATSUMOTO, United States District Judge:**

On November 15, 2021, Defendant Margaret Dominique-McClain was indicted on charges of public benefits theft, in violation of 18 U.S.C. § 666(a)(1)(A), and healthcare fraud, in violation of 18 U.S.C. § 1347(a). (*See* ECF No. 40, Indictment.) Jury selection and trial are scheduled to begin on October 3 and 10, 2022, respectively.[1] The government and Ms. Dominique-McClain have filed motions *in limine* in advance of trial. For the reasons set forth below, the government's motions are granted, and Ms. Dominique-McClain's motions are denied.

## BACKGROUND

The New York State Early Intervention Program ("EIP") is a New York State program that provides remedial services to developmentally delayed children. (*Id.* ¶ 5.) These services,

---
[1] Due to a potential conflict, the Court confirmed with counsel for the parties that a magistrate judge will select the jury on October 3, 2022, and trial will begin on October 10, 2022.

1

which include physical therapy, occupational therapy, and social work services, are provided by therapists employed or subcontracted by agencies ("EIP agencies") that, in turn, contract with the New York State Department of Health ("NYS DOH"). (*Id.*) The New York City Department of Health and Mental Hygiene ("NYC DOHMH") administers the EIP in New York City under the oversight of the NYS DOH. (*Id.*)

Payment to a therapist for an EIP therapy session is contingent on the therapist providing "session notes," a written report documenting the therapy session with a child-patient. (*Id.* ¶ 6.) The session notes include the date, time, and place of the session, as well as information about the therapy provided, and the child-patient's progress in response to the therapy. (*Id.*) The therapist and the child-patient's parent or guardian are required to sign the session notes immediately after the conclusion of the therapy session. (*Id.*) EIP therapists based in New York City are paid for their services through EIP agencies, which are reimbursed by the NYC DOHMH, Medicaid, or private insurance carriers. (*Id.* ¶ 7.)

The Indictment charges that Ms. Dominique-McClain, an EIP therapist, defrauded Medicaid and the NYC DOHMH between January 2016 and April 2019 by falsely reporting that she had administered EIP therapy sessions when she had not. (*Id.* ¶¶ 8-9.) According to the government, Ms. Dominique-McClain submitted fraudulent

2

session notes and invoices for more than 2,000 non-existent therapy sessions. (*Id.* ¶ 9.) As a result, the NYC DOHMH and Medicaid purportedly paid Ms. Dominique-McClain's improper claims in amounts exceeding $160,000 and $40,000, respectively. (*Id.*) Accordingly, the Indictment charges Ms. Dominique-McClain with theft of funds under 18 U.S.C. § 666(a)(1)(A), and health care fraud under 18 U.S.C. § 1347(a). (*Id.* ¶¶ 10-13.)

## STANDARD OF REVIEW

"A district court's inherent authority to manage the course of its trials encompasses the right to rule on motions *in limine*." *Highland Capital Mgmt., L.P. v. Schneider*, 551 F. Supp. 2d 173, 176 (S.D.N.Y. 2008) (citing *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984)). Motions *in limine* "aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence." *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996) (internal quotation marks and citation omitted). The trial court should only exclude evidence when it is "clearly inadmissible on all potential grounds," *United States v. Paredes*, 176 F. Supp. 2d 192, 193 (S.D.N.Y. 2001) (citations omitted), and the ruling remains "subject to change when the case unfolds, particularly if the actual testimony differs from what was contained in the [movant's] proffer." *Luce*, 469 U.S. at 41.

The Federal Rules of Evidence provide the framework for determining the admissibility of evidence. "As a general matter, all relevant evidence is admissible . . . unless specifically excluded." *United States v. Perez*, 387 F.3d 201, 209 (2d Cir. 2004) (citing Fed. R. Evid. 402). "[E]vidence is 'relevant' if it has 'any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.'" *United States v. Abu-Jihaad*, 630 F.3d 102, 132 (2d Cir. 2010) (quoting Fed. R. Evid. 401). Relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of unfair prejudice,'" *United States v. Bourne*, No. 08-cr-888(NGG), 2011 WL 4458846, at *13 (E.D.N.Y. Sept. 23, 2011) (quoting Fed. R. Evid. 403), and irrelevant evidence is never admissible, Fed. R. Evid. 402.

## DISCUSSION

The government moves to preclude Ms. Dominique-McClain from introducing evidence or eliciting testimony at trial that she engaged in certain "good" or lawful acts, such as providing some legitimate, non-fraudulent therapy sessions through the EIP and related billings. (*See* ECF No. 57, Government's Motion *in Limine* ("Gov't Mot."), at 2.) Further, the government seeks to preclude Ms. Dominique-McClain from arguing that the allegedly defrauded agencies should not have paid her for the fraudulent sessions, or,

4

by doing so, led her to believe that her fraudulent practices were justified. (*See id.*) Finally, the government requests that the court preclude Ms. Dominique-McClain from introducing into evidence her personal notes and calendar that were stored in her cell phone, to prove that the allegedly fraudulent therapy sessions were, in fact, provided. (*See* ECF No. 64, Government's Opposition to Defendant's Motion in Limine ("Gov't Opp."), at 3.)

Ms. Dominique-McClain states that she does not oppose the government's first two requests, as long as she may still introduce evidence, elicit testimony, or argue that the therapy sessions at issue were not fraudulent. (*See* ECF No. 58, Defendant's Motion *in Limine*/Response to Government's Motion ("Def. Mot."), at 1–2.)

Ms. Dominique-McClain's motions request that the government be precluded from: (1) relying on evidence not "specifically related to the allegedly fraudulent therapy sessions," (*see id.* at 2), and (2) introducing into evidence cell-site data to demonstrate that she was not at the therapy locations set forth in the session notes and invoices. (*See id.* at 3.) The court addresses each request in turn.

5

I.  **The Government's Motion**

   A.  **Non-Fraudulent Social Work & Reimbursements by Victim Agencies**

With regard to the government's first two requests, which are unopposed by Ms. Dominique-McClain, the court finds there are sufficient evidentiary bases for the exclusion of evidence related to Ms. Dominique-McClain's "good" acts, including non-fraudulent therapy sessions, as well as any argument that the victim agencies should not have paid Ms. Dominique-McClain for the fraudulent sessions.  *See United States v. Golfo*, No. 19-cr-00095(KAM), 2020 WL 2513445, at *2–*5 (E.D.N.Y. May 15, 2020) (precluding "evidence that defendant provided some non-fraudulent EIP therapy sessions" as irrelevant, and barring defendant from presenting a "blame the victim" defense).  *See also United States v. Chambers*, 800 F. App'x 43, 46 (2d Cir. 2020) ("[A] defendant may not seek to establish his innocence . . . through proof of the absence of criminal acts on specific occasions.  The reasoning behind this rule is straightforward: A single occurrence of lawful conduct is 'simply irrelevant' to other occurrences of unlawful conduct.") (quoting *United States v. Scarpa*, 897 F.2d 63, 70 (2d Cir. 1990); *United States v. Walker*, 191 F.3d 326, 336 (2d Cir. 1999)); *United States v. Dawkins*, 999 F.3d 767, 792 (2d Cir. 2021) ("No less than evidence of a defendant's prior 'bad acts' used to show that he committed the crime charged, such 'good acts' evidence

6

is only relevant if we assume that a defendant acted in conformity with those prior good acts—*i.e.*, if we make the exact propensity inference Rule 404(b)(1) is designed to prohibit.") (citations omitted); *United States v. Amico*, 486 F.3d 764, 780 (2d Cir. 2007) (upholding district court's decision neither to charge the jury nor allow the defendant to argue "that it is a defense to mail fraud to demonstrate that the victim could have discovered based on external sources that the representation was false").

Accordingly, the government's motions are **GRANTED** and Ms. Dominique-McClain is precluded from: "arguing, eliciting on cross-examination or offering evidence at the trial: (i) that some therapy sessions provided through the EIP and related billings were non-fraudulent, and that parents or guardians were satisfied with [her] therapy sessions; and (ii) that the sources of improper payments received by [Ms. Dominique-McClain], *i.e.*, the victims in this case, should not have paid [her] or that, by doing so, led [her] to believe her fraudulent practices were justified." (Gov't Mot. at 5.)

B. **Ms. Dominique-McClain's Personal Notes and Calendar**

In addition, the government requests that the court preclude Ms. Dominique-McClain from introducing her personal notes and calendar stored in her cell phone to "substantiate that the therapy sessions at issue were, in fact, performed." (Def. Mot.

7

at 2.) The government argues that these materials are inadmissible hearsay.

Out of court statements offered for the truth of the matter asserted constitute hearsay, and such statements are inadmissible absent an exception. Fed. R. Evid. 801, 802; *United States v. Cardascia*, 951 F.2d 474, 486 (2d Cir. 1991). Ms. Dominique-McClain does not argue that her notes and calendar are not being offered for their truth, or that any of the exceptions to the rule against hearsay apply.

As for the notes, Ms. Dominique-McClain has not presented any information as to their contents, appears to offer the notes for their truth, and asserts no hearsay exception. Consequently, the government's motion to preclude Ms. Dominique-McClain's notes is **GRANTED**. With regard to the calendar, to the extent Ms. Dominique-McClain contends that she performed therapy sessions consistent with any date, time, and location notations in the calendar, the calendar is offered for the truth of the matter asserted and thus constitutes inadmissible hearsay. Accordingly, the government's motion to preclude the calendar is **GRANTED**.

**II. Ms. Dominique-McClain's Motion**

   **A. Evidence Other Than Specific Evidence of Fraudulent Sessions**

Ms. Dominique-McClain requests that the government be precluded from "rely[ing] on evidence outside the scope of the allegedly fraudulent therapy sessions." (Def. Mot. at 2.) Specifically, Ms. Dominique-McClain contends that the government "should be precluded from introducing as 'evidence' any income received from invoices or sessions that are not alleged to be fraudulent." (*Id.*) In response, the government asserts that Ms. Dominique-McClain's request should be denied as overbroad. (Gov't Opp. at 1–2.) The government states that though it does not plan to introduce "specific evidence of particular sessions not alleged to be fraudulent," it intends to offer evidence for background concerning "the EIP program generally," "the nature of [Ms. Dominique-McClain's] participation in it," and "the circumstances under which [Ms. Dominique-McClain's] fraudulent submissions came to light." (*Id.* at 2.) The Court notes that this background evidence will likely facilitate the jury's understanding of the EIP and the charged conduct, and is not likely to risk prejudice or jury confusion.

"The purpose of *in limine* motions is to enable the Court to rule on disputes over the admissibility of discrete items of evidence," and such motions shall not be employed "as preemptive

9

weapons with which [parties] endeavor to strike in shotgun fashion at whole topics and sources of prospective evidence, out of context and before any specific objection against its proper backdrop is raised." *TVT Records v. Island Def Jam Music Grp.*, 250 F. Supp. 2d 341, 344 (S.D.N.Y. 2003) (citing *United States v. Chan*, 184 F. Supp. 2d 337, 340 (S.D.N.Y. 2002)). Because "evidence that adds context and dimension to the government's proof of the charges" can be relevant and helpful to the jury's understanding of the charged conduct, *United States v. Gonzalez*, 110 F.3d 936, 941 (2d Cir. 1997), to the extent that Ms. Dominique-McClain seeks to categorically prohibit all evidence not specifically related to the allegedly fraudulent therapy sessions, her request is denied without prejudice to her right to raise objections to specific evidence at trial. The court cannot definitively determine at this time that all evidence beyond the allegedly fraudulent therapy sessions would be irrelevant, or that its probative value would be substantially outweighed by the concerns set forth in Federal Rule of Evidence 403. Therefore, Ms. Dominique-McClain's motion is **DENIED** without prejudice so that the evidence may be considered in its appropriate factual context. *See Potenza v. City of New York, Dep't of Transp.*, Nos. 04-cv-2434(KAM), 03-cv-2430(KAM), 2009 WL 2156917, at *3 (E.D.N.Y. July 15, 2009) ("Indeed, courts considering a motion *in limine* may reserve judgment until trial,

10

so that the motion is placed in the appropriate factual context.") (citation omitted).

### B. Cell-Site Data

Finally, Ms. Dominique-McClain requests that the government "be precluded from introducing cell site data to illustrate a specific cell phone tower [her] phone pinged as evidence that the [she] was not at a therapy location in the session notes or invoices." (Def. Mot. at 3.) In support, Ms. Dominique-McClain argues that cell-site data should be excluded because it is "confusing and not dispositive of the actual location [she] was at any given time." (*Id.*) In response, the government contends that federal courts, including those in this Circuit, have routinely accepted the use of cell-site data to determine the approximate location of a cell phone, and that Ms. Dominique-McClain's objections "concern the weight and sufficiency of the cell-site data, not its admissibility at trial." (Gov't Opp. at 3) (citation omitted).

Ms. Dominique-McClain's argument as to the accuracy of cell-site data goes to the weight of such evidence, not its relevance. Further, the court agrees with the government that courts in this Circuit have recognized that cell-site analysis, within some margin of error, is probative of a cell phone's location at a particular time. *See, e.g.*, *United States v. Ray*, No. 20-cr-110(LJL), 2022 WL 101911, at *6–*8 (S.D.N.Y. Jan. 11,

11

2022) (finding that expert testimony on cell-site location evidence satisfies *Daubert*, which requires a showing of relevance and reliability); *United States v. Natal*, 849 F.3d 530, 536 (2d Cir. 2017) (holding that "testimony on how cell phone towers operate must be offered by an expert witness"). Accordingly, Ms. Dominique-McClain's motion to exclude cell-site data is **DENIED**; however, she may challenge the reliability of cell-site data presented by the government at trial through cross-examination or expert testimony.

## CONCLUSION

Based on the foregoing, the government's motions *in limine* are **GRANTED**. Ms. Dominique-McClain's motions in limine are **DENIED,** with the qualification that her request that the government be barred from relying on evidence outside the scope of the allegedly fraudulent therapy sessions is denied without prejudice to her right to raise objections to specific evidence at trial.

**SO ORDERED**

Dated:   August 25, 2022
         Brooklyn, New York

                                          /s/
                                          **HON. KIYO A. MATSUMOTO**
                                          United States District Judge
                                          Eastern District of New York

12